IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

T. CAMILLE FADIA,                )
                                 )
       Plaintiff,                )
                                 )
   v.                            )     1:20CV1006
                                 )
VIJAY B. FADIA,                  )
                                 )
       Defendant.                )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon seven motions: (1) Plaintiff T. Camille Fadia's ("Plaintiff") Motion for Summary Judgment (Docket Entry 12); (2) Defendant Vijay Fadia's ("Defendant") "Notice of Motion and Motion to Set Aside Default, and Default Judgment, if Entered," (Docket Entry 13) which the undersigned construes as a motion to set aside default; (3) Defendant's "(Proposed) Notice of Demurrer and Demurrer of Vijay Fadia to Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof; Declaration of Vijay Fadia," (Docket Entry 14) which the undersigned construes as a motion to dismiss[1]; (4) Defendant's "Notice of Motion and Motion for Judgment on the Pleadings" (Docket Entry 19); (5) Plaintiff's "Motion for Default Judgment to Amended Complaint" (Docket Entry 23); (6) Plaintiff's document entitled "Order to Show Cause: Urgent for Default Judgment Afdfidavit[sic] in Support" (Docket Entry 32)[2]; and (7) Plaintiff's "Motion for Order to Show Cause for Motion for Default" (Docket Entry 33). All seven motions are ripe for disposition.

---

[1] Defendant's document seeks "an order dismissing the [Amended C]omplaint because the pleading does not state facts sufficiently to constitute the cases of action set forth therein" and asserts that Defendant "has absolutely no connection with North Carolina." (Docket Entry 14 at 1-2.)

[2] This has been docketed as a motion.

For the following reasons, the undersigned will recommend granting Defendant's motion to set aside default, granting Defendant's motion to dismiss, and denying as moot the remaining motions.

## I. BACKGROUND

Plaintiff initiated this lawsuit in November 2020 against Defendant alleging a claim of negligent infliction of emotional distress related to the care and subsequent death of Plaintiff's daughter. (*See generally* Complaint ("Compl."), Docket Entry 2.) Plaintiff also filed an application to proceed *in forma pauperis*. (Docket Entry 1.) Plaintiff alleges that this Court has diversity jurisdiction over her claim because Plaintiff is a citizen of North Carolina and Defendant is a citizen of California. (*Id.* at 3.)

After the undersigned ordered that the action be stayed and directed Plaintiff to correct deficiencies within her Complaint[3] (*see* Docket Entry 4), Plaintiff filed an Amended Complaint to address the issues cited in the Order. (Amended Complaint ("Am. Compl."), Docket Entry 5.) Plaintiff's Amended Complaint brings claims of negligent infliction of emotional distress and intentional infliction of emotional distress against Defendant, her former spouse and father of their deceased daughter, Sheila Fadia ("Sheila").[4] (*See id.*) The allegations in the Amended Complaint stem from Defendant's relationship with Sheila, who Plaintiff alleges

---

[3] The undersigned directed Plaintiff to amend her Complaint to cure deficiencies for two main reasons. First, Plaintiff did not indicate where the events leading up to Sheila's death occurred. Second, Plaintiff's negligent infliction of emotional distress claim was not cognizable under the law of North Carolina or California. Upon the filing of Plaintiff's Amended Complaint, the stay was removed.

[4] Based upon the content of the Amended Complaint, Plaintiff appears to make allegations against Sheila's former boyfriend (Am. Comp. at 4-5, 10-12) and Sheila's medical providers and caretakers (*id.* at 9). Because these individuals are not parties to this suit, the undersigned has not included a full summary of those allegations in this Recommendation.

2

died of an opioid overdose (*id.* at 7) in 2020 while battling stage four cervical cancer (*id.* at 4). Plaintiff alleges that Defendant has a history of abusing Sheila during her childhood, which traumatized Plaintiff. (*Id.* at 1-3.) Plaintiff also alleges that Defendant did not properly care for Sheila after she was diagnosed with cervical cancer, prevented Plaintiff from taking care of Sheila while she was ill, prevented Plaintiff from seeing Sheila's medical records until after she had died, and allowed "non-relatives without medical knowledge" to take care of Sheila. (*Id.* at 3-9.) Plaintiff alleges that Defendant's actions caused Sheila to "go through a huge amount of pain and suffering before she died." (*Id.* at 9.) Plaintiff alleges that these actions caused Plaintiff and Sheila's son emotional distress. (*Id.*)

After Sheila's death, Plaintiff alleges that Sheila was buried in a cardboard box without a headstone, which inflicted further emotional distress. (*Id.*) Accordingly, she seeks $20,000 to cover the costs of a funeral and reburial in North Carolina, psychological evaluations and grief counseling for Plaintiff and Sheila's son. (*Id.* at 23.) She also seeks $200,000 in the form of actual and punitive damages. (*Id.* at 20.)[5]

Defendant was served with the Summons and Amended Complaint on February 17, 2021. (Docket Entry 9.) On March 15, 2021, Plaintiff motioned for Entry of Default. (Docket Entry 10.) One day later, the Clerk's Office entered default against Defendant due to his failure to timely file an answer or responsive pleading. (Docket Entry 11.) On April 6, 2021, Defendant filed a motion to set aside default, asserting that his failure to respond was due to surprise and excusable neglect. (Docket Entry 13.) Plaintiff filed a response. (Docket

---

[5] To the extent that Plaintiff attempts to bring claims on behalf of her deceased daughter, Sheila, and her surviving grandson, Plaintiff, as a pro se litigant, can neither sue nor litigate on behalf of others. *See Verbal v. Krueger*, No. 1:09CV990, 2010 WL 276644, at *3 (M.D.N.C. Jan. 15, 2010).

3

Entry 17.) Along with his motion to set aside default, Defendant filed a motion to dismiss, asserting that the Amended Complaint should be dismissed because Defendant has had no connection with North Carolina and because Plaintiff's claims have no merit. (Docket Entry 14.) Plaintiff filed a response. (Docket Entry 18.)

Additionally, Defendant filed a motion for judgment on the pleadings and Plaintiff filed a motion for summary judgment, motion for default judgment as to amended complaint, motion for default judgment, a motion for order to show cause, and a motion requesting a hearing.

## II. DISCUSSION

### a. Motion to Set Aside Default

Defendant has motioned the Court to set aside the entry of default entered against him under Rule 60(b).[6] (Docket Entry 13 at 2.) In his motion, Defendant asserts that his failure to timely respond to the Amended Complaint "was the result of mistake, inadvertence, surprise or excusable neglect." (*Id.* at 2.) Defendant also asserts that he has a meritorious defense to Plaintiff's claims. (*Id.* at 5.) Plaintiff filed a response in opposition to Defendant's motion to set aside default asserting that Defendant's reasons for setting aside entry of default are "faulty." (*See* Docket Entry 17 at 1.) Plaintiff also states that the entry of default should not be set aside because "[t]here is more to this than meets the eye." (Docket Entry 17 at 3.) Plaintiff's documents primarily discuss the merits of her Amended Complaint and include new

---

[6] Defendant requests relief to set aside "final default judgment' under Rule 60(b). (Docket Entry 13 at 2.) However, the Court notes that judgment by default was not entered. Due to the content of the document and the entry of default entered by the clerk (Docket Entry 11), the Court will analyze Defendant's motion pursuant to Rule 55(c) under the good cause standard.

4

factual allegations without addressing the merits of Defendant's motion. (*See* Docket Entries 17, 18.)

Rule 55(c) provides that a court may set aside an entry of default for good cause shown. Fed. R. Civ. P. 55(c). Relevant factors when evaluating a showing of good cause include: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzaa v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Resolution of motions made under Rule 55(c) "is a matter which lies largely within the discretion of the trial judge[.]" *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

Considering the factors in Payne, the Court concludes that Defendant's motion should be granted. As described more thoroughly herein, Defendant has a meritorious defense to Plaintiff's claims, such that the undersigned will recommend granting Defendant's motion to dismiss. Regarding reasonable promptness and history of dilatory action, Defendant filed his answer and motion to set aside default a month and half after he was served with the Amended Complaint and just three weeks after the Clerk entered default, which is reasonably prompt considering the circumstances, Defendant's status as a pro se litigant, and the typical timeline of lawsuits presented before this Court. Defendant does not have a history of dilatory action in this suit.

5

Case 1:20-cv-01006-LCB-JLW   Document 37   Filed 06/21/22   Page 5 of 10

The remaining factors also weigh in favor of Defendants. Considering the fourth factor, Plaintiff would not be prejudiced by setting aside entry of default in this action. *Payne*, 439 F.3d at 205. Plaintiff has not cited any particular prejudicial effect, nor does the Court find that this matter would be adversely impacted by setting aside default. No discovery has been taken in this matter. With respect to sanctions, sanctions are not warranted given the circumstances of Defendant's tardiness. Thus, for good cause shown, and because the relevant factors weigh in favor of setting aside entry of default, Defendants' motion should be granted.

### b. Defendant's Motion to Dismiss

In addition to his motion to set aside default judgment, Defendant filed a motion to dismiss on April 6, 2021. (Docket Entry 14.) In his motion to dismiss, Defendant asserts that the Amended Complaint should be dismissed because Defendant "has been a citizen of California for the last 50 years and has absolutely no connection with North Carolina." (*Id.* at 2.) Defendant also disputes the facts raised in the Amended Complaint and asserts that "there are no facts to support [Plaintiff's claims of negligence]." (*Id.*) Plaintiff filed a response to Defendant's motion to dismiss. (Docket Entry 18.) In her response, Plaintiff primarily disputes Defendant's factual assertions and raises new factual allegations. (*See id.*) Regarding jurisdiction, Plaintiff asserts that the "Court already said Plaintiffs case can be heard in this Court for Diversity" and "Plaintiffs do not have sufficient funds to fly to CA and stay in a motel indefinitely as Defendant drags this case out." (*Id.* at 4.)

First, the Court considers Defendant's assertion that this matter should be dismissed for lack of personal jurisdiction. A defendant may seek dismissal of a complaint because the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Where a party

6

files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng's Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). In determining whether a plaintiff has met this burden, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

When a defendant moves to dismiss a diversity case in federal court for lack of personal jurisdiction, the court must determine whether "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Here, the North Carolina long-arm statute applies. *See* N.C. Gen. Stat. § 1-75.4. "North Carolina's long-arm statute runs coextensive with the federal Due Process Clause, thereby collapsing the two-step process" such that this Court need only assess whether the assertion of personal jurisdiction over Defendant would violate the Due Process Clause. *Kuhnen v. Remington*, No. 1:15CV766, 2016 WL 3619657, at *3 (M.D.N.C. June 29, 2016).

Under the Due Process Clause, a federal court may have general personal jurisdiction over a defendant domiciled in the forum state or specific personal jurisdiction over a defendant based on the defendant's relevant conduct in connection with the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, Plaintiff and Defendant agree that Defendant resides in California, not the forum state of North Carolina. (*See* Am. Compl.

7

at 1; Docket Entry 14 at 2.) Thus, the Court does not have general jurisdiction over Defendant.

The Court next turns to specific personal jurisdiction. In considering whether this Court has specific personal jurisdiction over Defendant, the Due Process Clause requires the Court to determine whether "the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *Kuhnen*, 2016 WL 3619657 at *3 (quoting *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009)). To make this determination the Court considers "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). In order to determine that a court has specific personal jurisdiction over a defendant, the Court must determine that all three prongs are met. *Kuhnen*, 2016 WL 3619657, at *3 (citing *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301-02 (4th Cir. 2012)).

In considering the first prong, the Court evaluates whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (internal citation omitted). Courts have previously determined that where a " 'defendant['s] relevant conduct occurred entirely outside' of North Carolina, 'the mere fact that [their] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.' " *Kuhnen*, 2016 WL 3619657, at *4 (quoting *Walden v. Fiore*, 571 U.S. 277, 291

8

(2014)). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.

Here, Plaintiff is the only link between Defendant and North Carolina. Plaintiff has not alleged that Defendant had any contact with North Carolina or with Plaintiff while she resided in North Carolina. (*See* Am. Compl.) Instead, Plaintiff makes allegations regarding Defendant's conduct in California and Oregon and alleges that she felt emotional distress in North Carolina. In response to Defendant's motion to dismiss on the basis of personal jurisdiction, Plaintiff merely states that she cannot afford to travel to California to participate in litigation there. (Docket Entry 18 at 4.) This is not sufficient to meet her burden of making a prima facie showing of personal jurisdiction over Defendant. *See Kuhnen*, 2016 WL 3619657, at *4. Thus, Defendant's motion to dismiss for lack of personal jurisdiction should be granted.

### c. Remaining Motions

Finally, Defendant has filed a motion for judgment on the pleadings and Plaintiff has filed motions for summary judgment, default judgment to Amended Complaint, default judgment, and for order to show cause. Because the undersigned recommends granting Defendant's motion to set aside default and Defendant's motion to dismiss for lack of personal jurisdiction, the remaining motions should be denied as moot.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Defendant's "Notice of Motion and Motion to Set Aside Default, and Default Judgment if Entered"

9

(Docket Entry 13) be **GRANTED** to the extent entry of default entered against Defendant Vijay B. Fadia (Docket Entry 11) be set aside.

**IT IS FURTHER RECOMMENDED** that Defendant's "(Proposed) Notice of Demurrer and Demurrer of Vijay Fadia to Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof; Declaration of Vijay Fadia," (Docket Entry 14), which the undersigned construes as a motion to dismiss, be **GRANTED,** and this action be **DISMISSED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Docket Entry 12); Defendant's "Notice of Motion and Motion for Judgment on the Pleadings" (Docket Entry 19); Plaintiff's "Motion for Default Judgment to Amended Complaint" (Docket Entry 23); Plaintiff's document entitled "Order to Show Cause: Urgent for Default Judgment Afdfidavit[sic] in Support" (Docket Entry 32); and Plaintiff's "Motion for Order to Show Cause for Motion for Default" (Docket Entry 33) be **DENIED AS MOOT**.

_____
Joe L. Webster
United States Magistrate Judge

June 21, 2022
Durham, North Carolina

10

Case 1:20-cv-01006-LCB-JLW   Document 37   Filed 06/21/22   Page 10 of 10